UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

CYNTHIA SANDERS,

   Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

   Defendant.
_____/

**DEFENDANT CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("Defendant" or "Carnival"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida, hereby answers Plaintiff's Second Amended Complaint [D.E. 30] and asserts its affirmative defenses as follows:

   1.   Admitted that venue is proper and that the Court has Admiralty jurisdiction. Otherwise, without knowledge; therefore, denied.

   2.   Admitted for purposes of this litigation that this Court has personal jurisdiction over Defendant. All else is denied.

   3.   Admitted that Carnival contracted with Vallarta Adventures ("Vallarta") to operate shore excursions for its passengers as an independent contractor. Otherwise, Carnival is without knowledge of the allegations contained herein, and therefore denies them.

   4.   Without knowledge; therefore, denied.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

5. Admitted that the shore excursion independent contractor agreement contains a forum provision. Otherwise, denied as phrased.

6. Denied.

7. Denied.

## Facts Common to All Counts

8. Admitted that the Plaintiff was a passenger on the Miracle on the date alleged in the Complaint and that the Miracle was operated by the Defendant. All else is denied.

9. Admitted that Carnival sold Plaintiff her shore excursion ticket. All else is denied.

10. Admitted that Vallarta Adventures was the sole operator of the subject excursion and that is properly inquired into Vallarta Adventures reputation and safety record prior to entering into a contract with them. All is denied.

11. Admitted that the excursion involves a boat tour. Otherwise, without knowledge; therefore, denied.

12. Denied.

13. Admitted that Carnival operates cruise vessels and that it operates tender vessels in certain ports. Otherwise, denied.

14. Denied.

15. Denied.

16. Admitted that stopovers can be part of a passenger's cruise experience and that Puerto Vallarta, Mexico was part of the itinerary on the subject cruise. All else is denied.

17. Admitted that Carnival knew the Plaintiff purchased the subject excursion. All else is denied.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

18. Denied, including all subparts.

19. Denied, including all subparts.

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. Without knowledge; therefore, denied.

23. Denied.

## COUNT I
## NEGLIGENT SELECTION AND HIRING OF INDEPENDENT CONTRACTOR

24. Defendant Carnival re-adopts and re-alleges its responses to paragraphs 1 through 23 as previously alleged herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied, including all subparts.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

Defendant Carnival denies that Plaintiff is entitled to recover any damages as a result of the allegations set forth in her Second Amended Complaint and demands strict proof thereof.

## COUNT II
## FAILURE TO WARN

33. Defendant Carnival re-adopts and re-alleges its responses to paragraphs 1 through 29 as previously alleged herein.

3

34. Denied.

35. Denied, including all subparts.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

Defendant Carnival denies that Plaintiff is entitled to recover any damages as a result of the allegations set forth in her Second Amended Complaint and demands strict proof thereof.

## COUNT III
## NEGLIGENT MISREPRESENTATION

40. Defendant Carnival re-adopts and re-alleges its responses to paragraphs 1 through 29 as previously alleged herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

Defendant Carnival denies that Plaintiff is entitled to recover any damages as a result of the allegations set forth in her Second Amended Complaint and demands strict proof thereof.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

## COUNT IV
## NEGLIGENCE V. VALLARTA ADVENTURE

51. Defendant Carnival re-adopts and re-alleges its responses to paragraphs 1 through 23 as previously alleged herein.

48. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.[1]

49. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

50. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

51. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

52. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

53. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

54. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required. To the extent that any response is required by Carnival, Carnival denies this allegation.

55. The allegations in this paragraph are not directed at Carnival and, as a result, no response is required.

---

[1] Cynthia Sanders' fifty-third allegation is numbered as paragraph forty-eight due to an apparent typographical error which affected all subsequently numbered allegations. Carnival therefore numbers its Answer to conform to the nomenclature contained within Cynthia Sanders' Second Amended Complaint.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for its first, separate and affirmative defense, the Defendant asserts that the Plaintiff's claims are governed by maritime law and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFENSE

As and for its second, separate and affirmative defense, the Defendant asserts that Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

As and for its third, separate and affirmative defense, the Defendant asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within the Plaintiffs' passenger ticket contract. The Defendant adopts and incorporates all of the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

### FOURTH AFFIRMATIVE DEFENSE

As and for its fourth, separate and affirmative defense to the Plaintiff's Amended Complaint and each of its purported causes of action, the Defendant states that there was no negligence on the part of the Defendant, Carnival Corporation.

### FIFTH AFFIRMATIVE DEFENSE

As and for its fifth, separate and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant states that it did not own, operate, maintain, manage and/or control the area where Plaintiff alleges the subject incident occurred at the time of the alleged subject incident.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

## SIXTH AFFIRMATIVE DEFENSE

As and for its sixth, separate and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, Defendant states that it did not have actual and/or constructive notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn the Plaintiff as to the existence of same.

## SEVENTH AFFIRMATIVE DEFENSE

As and for its seventh, separate and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant asserts that it fully discharged its duties to Plaintiffs and/or Decedent by warning of any and all dangerous or hazardous conditions, if any.

## EIGHTH AFFIRMATIVE DEFENSE

As and for its eighth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that the alleged dangerous condition, if any, was apparent, open and obvious to Plaintiff, and should have been observed by Plaintiff in the ordinary use of her senses.

## NINTH AFFIRMATIVE DEFENSE

As and for its ninth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

## TENTH AFFIRMATIVE DEFENSE

As and for its tenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence for her welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which the Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for its eleventh, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that because of the conduct, acts, and/or omissions of the Plaintiff, the Plaintiffs are estopped from claiming the damages alleged in the Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

As and for its twelfth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that Plaintiff's negligence was the sole, proximate cause of her alleged injuries and damages, if any, and accordingly, the Plaintiffs' claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for its thirteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant states that the incident alleged in the Amended Complaint was not the proximate cause of the Plaintiff alleged damages.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for its fourteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that the incident and injuries alleged in the Amended Complaint were the result of intervening and unforeseeable causes for which the Defendant had no duty to protect the Decedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for its fifteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint, the Plaintiff's damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom the Defendant had no control such that Plaintiffs damages are not actionable against the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for its sixteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint, the Plaintiff's alleged damages are solely the result of the unforeseeable negligence on the part of parties to this lawsuit other than the Defendant and such negligence intervened and superseded any alleged negligence of the Defendant, which negligence is denied. Therefore, the Defendant is not the cause of the damages alleged by Plaintiff, and Plaintiff is barred from recovery against the Defendant. Alternatively, any recovery must be diminished in proportion to the negligence of those other parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for its seventeenth, separate, and affirmative defense to Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant is informed and believes and herein alleges that it is not legally responsible in any fashion with respect to damages and injuries alleged by Plaintiff in the Amended Complaint; however, in the event the

Defendant is held liable, said liability which the Defendant expressly denies, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others.  Therefore, any recovery obtained by the Plaintiff against the Defendant should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault.  The liability of the Defendant if any, the existence of which the Defendant expressly denies, is to be limited to the percentage of fault actually attributable to the Defendant, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for its eighteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, Defendant alleges that because of the Plaintiff's conduct, acts, and omissions Plaintiff waived any claim to damages alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for its nineteenth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that the Plaintiffs and/or Decedent failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages.  Therefore, the Plaintiffs' recovery, if any, should be reduced by Plaintiffs' and/or Decedent's failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for its twentieth, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that the

alleged injuries and/or damages allegedly suffered by the Plaintiffs were not caused by any act or omission to act on the part of the Defendant, and were caused by other trauma or illness suffered by the Plaintiff in her lifetime.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for its twenty-first, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that Plaintiff's injuries were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident herein. In the alternative, if any pre-existing injury or illness was aggravated by any alleged incident herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for its twenty-second, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that if it is liable to the Plaintiffs for damages herein, the existence of which the Defendant expressly denies, Plaintiffs' damages must be reduced by the amount attributable to Plaintiff's comparative fault.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for its twenty-third, separate, and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant alleges that if they are found liable to the Plaintiff for damages herein, the existence of which the Defendant expressly denies, the measure of any such damages must be limited to the amount foreseeable and within the contemplation of the parties, if any, as portions of this action sound in contract.

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for its twenty-fourth, separate and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant asserts that, to the extent applicable, any award of damages to Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by the Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As its twenty-fifth, separate and affirmative defense, the Defendant asserts that the Plaintiffs and Decedent had actual and/or constructive notice of the relationship between Carnival and the operator of the subject excursion and was fully aware that the Defendant did not own, supervise, monitor, manage or control the operator of the subject excursion. Therefore, Plaintiff's claims fail as a matter of law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for its twenty-sixth, separate and affirmative defense to the Plaintiff's Second Amended Complaint and each of its purported causes of action, the Defendant asserts that Plaintiff did not reasonably rely on any representation(s) made by Carnival in deciding whether or not to participate in the shore excursions that is the subject of this litigation.

WHEREFORE, Defendant demands judgment against Plaintiff and requests the Court deny Plaintiff's requested relief and award costs to Defendant, and such other relief that the Court may deem proper.

Dated:   August 31, 2016.
         Miami, Florida

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

By:  /s/*Noah D. Silverman*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Noah D. Silverman, Esq.
Florida Bar No. 0401277
nsilverman@fflegal.com
Jacob M. Resnick, Esq.
Florida Bar No. 85314
jresnick@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*

CASE NO.: 15-CV-24759-WILLIAMS/SIMONTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/*Noah D. Silverman*
Noah D. Silverman, Esq.

## SERVICE LIST

Paul M. Hoffman, Esq.
PMH@Paulmhoffmanlaw.com
Hoffman Law Firm
2881 E. Oakland Park Blvd.
Ft. Lauderdale, FL  33307
Phone: 954-707-5040
*Attorney for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
mfonticiella@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Jacob M. Resnick, Esq.
jresnick@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant(s)*